IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00118-MR

| | |
|---|---|
| ROBERT E. WOODWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DANITA SMALL, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

*Pro se* Plaintiff is a prisoner in the custody of the North Carolina Department of Public Safety (NCDPS) at the Alexander Correctional Institution. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about his June 28, 2018 extradition to Arkansas. He names as Defendants: Danita Small, an agreement administrator for NCDPS in Raleigh; Kenneth Beaver, the superintendent of Alexander C.I.; Wendy Kelley, the director of the Arkansas Department of Corrections (ADC); Randy Shores, an ADC major; Lori Whitlock, an Arkansas State Police (ASP)

sergeant; David Tumey, an ASP special agent; John Doe 1, a pilot; John Doe 2, a co-pilot; and John Doe 3, an ASP trooper.

In the Complaint, Plaintiff alleges that Defendants denied him due process and access to the courts by having him extradited to Arkansas without his consent. He further alleges that he was exposed to harsh conditions of confinement at an Arkansas supermax prison before being returned to North Carolina. Plaintiff seeks $1,000,000 in punitive damages and $1,000,000 in compensatory damages for the "torture" he endured in Arkansas. [Doc. 1 at 9].

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must

have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Woodward v. Reid, 5:18-cv-100-FDW (W.D.N.C. Aug. 27, 2018) (dismissed for failure to state a claim), *app. dism.*, Case. No. 18-7201 (4th Cir. Nov. 29, 2018); Woodward v. Payne, 5:19-cv-00006-BRW-JJV, 2019 WL 302493 (E.D. Ark. Jan. 23, 2019) (dismissed for failure to state a claim), *app. dism.*, 2019 WL6904737 (8th Cir. June 28, 2019); Woodward v. Kelley, 5:19-cv-25-BSM, 2019 WL1051998 (E.D. Ark. March 5, 2019) (dismissed without prejudice for failure to state a claim), *app. dism.*, 2019 WL 7407426 (8th Cir. 2019); Woodward v. Ross, 5:19-cv-00058-JM (E.D. Ark. March 8, 2019) (dismissed for failure to state a claim; no appeal taken). The Court further notes that Plaintiff has previously filed, and agreed to the dismissal with prejudice of, numerous cases raising claims of mistreatment in

3

Arkansas supermax prison following his extradition. See Woodward v. Kelley, 5:19-cv-00026-JTK (E.D. Ark. March 21, 2019) (granting a joint Motion to Dismiss Plaintiff's Complaint as well as 17 other pending lawsuits addressing Plaintiff's frustration and aggravation at being housed in an Arkansas supermax facility and a host of other conditions of confinement allegations, upon the Arkansas Attorney General's agreement to return Plaintiff to North Carolina within seven days), *aff'd* Case No. 19-2319 (8th Cir. Nov. 4, 2019).

Plaintiff does not make any allegations suggesting that he is in imminent danger of physical harm that would avoid the three-strikes bar.

Plaintiff is subject to the three-strike bar, has not prepaid the filing fee, and has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g) and the Court will dismiss the Complaint without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 6] is **VACATED** and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**.

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Alexander Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated. Finally, the Clerk is instructed to add Plaintiff to the Court's Filer Status Report in CM-ECF as a three-striker and close this case.

**IT IS SO ORDERED.**

Signed: August 28, 2020

Martin Reidinger
Chief United States District Judge

5

Case 5:19-cv-00118-MR   Document 8   Filed 08/31/20   Page 5 of 5